UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW M. MUSAELIAN, | No. C 08-05054 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| CITY OF SANTA ROSA et al., | **Re: Defendants' Motion to Dismiss** |
| Defendants. / | |

    Plaintiff Andrew M. Musaelian filed this action in *pro per* against the City of Santa Rosa ("City"), the Santa Rosa Police Department ("Department"), Officer Christopher Parman ("Parman") and four unknown plain-clothes police officers (collectively "defendants"), alleging tortious and constitutional violations in relation to his arrest and subsequent conviction for vehicle theft and forgery.  Now before the court is defendants' motion to dismiss.  The court has considered the parties' arguments fully, and for the reasons set forth below, rules as follows.

BACKGROUND[1]

    Plaintiff is a retired Los Angeles Police Officer with a law degree, who resides and works in Sonoma County as a licensed private investigator and registered civil process server.  As part of his business, plaintiff participates in civil and criminal investigations, provides process service and collects civil money judgments.  Plaintiff alleges he became a target for Parman and was ultimately

1 arrested and convicted of offenses arising in connection with plaintiff's work in collecting
2 judgments.

3      In December 2004, Parman contacted plaintiff regarding plaintiff's role in various
4 repossessions and seizures of vehicles based on civil money judgments. On January 12, 2005,
5 Parman, using a debtor whom plaintiff had contacted regarding a civil money judgment and bench
6 warrant, telephoned plaintiff regarding the debt collection process. This resulted in an
7 approximately twenty-six minute long taped conversation between plaintiff and the debtor
8 discussing the various intricacies of debt collection.

9      The following day, January 13, 2005, plaintiff was stopped by police for reasons allegedly
10 unknown and taken to the police station. At the station, Parman interviewed plaintiff about the
11 previous day's phone call, and claimed that plaintiff had attempted to extort the debtor by
12 threatening arrest unless plaintiff was paid $5,000. Although plaintiff advised Parman that a bench
13 warrant existed that ordered such actions, Parman refused to check the civil court file. Plaintiff was
14 then booked on charges of extortion and released on bail. During the booking process, plaintiff
15 discovered that Parman was acting at the behest of one of plaintiff's adversaries, an attorney
16 representing a client in a small claims action who did not want to have a judgment collected, and
17 that there were no grounds for plaintiff to be arrested. As a result of the arrest, plaintiff's reputation
18 was ruined and he lost business customers.

19      Prior to the interview, Parman removed certain personal items from plaintiff, including his
20 private investigator's license, retired Los Angeles Police Department identification card and process
21 server identification card, but failed to record these items on the evidence receipt. Plaintiff incurred
22 various fees attempting to recover these items from the Department.

23      Shortly after making bail on the extortion charge on January 13, 2005, plaintiff was stopped
24 just outside the police station by two plain-clothes police officers and ordered to await further
25 instructions. Plaintiff waited approximately an hour and fifteen minutes before Parman informed
26 plaintiff that Parman was requesting arrest warrants for grand theft, auto theft and forgery. Plaintiff
27 was never shown the warrants, but instead was paraded in public view, in handcuffs, to the rear of
28 the jail, booked and eventually released on bail.

1    Plaintiff further contends that Parman used his influence as the son of the publisher of the
2 local *Santa Rosa Press Democrat* to publish defamatory statements regarding his alleged vehicle
3 theft and forgery in the *Santa Rosa Press Democrat*.  This conduct was allegedly authorized by the
4 City and the Department.

5    A court dismissed the extortion charge following a preliminary hearing in October 2005, as
6 best can be discerned from the state court record, having found insufficient evidence.  In July 2007,
7 plaintiff was convicted of two charges of auto theft and two charges of forgery.  See Def. Mot., Exh.
8 2.[2]  The court dismissed the two charges of grand theft after the jury was unable to reach a verdict on
9 those counts.  See People v. Musaelian, 2009 WL 778136, *1 (Cal. Ct. App. March 29, 2009).
10 Judgment was entered on November 6, 2007.  See Def.'s Reply, Docket No. 38, Exh. B (certified
11 copy of Criminal Docket from Superior Court).  The court suspended imposition of sentence and
12 placed defendant on three years of probation.  Id.

13    Plaintiff maintains that there was no probable cause for either the extortion arrest or the
14 arrest for grand theft, auto theft and forgery.  The extortion charge was dropped after a judge
15 listened to the recording in question.  The allegedly stolen cars were impounded pursuant to a civil
16 judgment order.  Furthermore, the forgery charge was based on Parman's misinformed belief that
17 plaintiff had attempted to get a debtor to pay close to $20,000 on an original judgment of $4,000,
18 when in fact the original judgment was for the larger amount; plaintiff alleges that Parman failed to
19 investigate the original judgment which supported plaintiff's position.  Plaintiff contends that
20 because both arrests were in accordance with the Department's policy, they thus implicate not just
21 Parman, but the Department and the City as well.  As a result of these arrests and the violations of
22 his right to privacy and equal protection, plaintiff suffered trauma, distress, two criminal trials and
23 the loss of his employment.

24    On April 25, 2008, plaintiff filed a claim setting forth his allegations with the City.  On May
25 19, 2008, the City provided a Notice of Insufficient Claim, stating that, with respect to the claims
26 against Parman, the claim was not filed within six months of the alleged violations, as required by
27 California Government Code sections 911.42 and 912.2.  With respect to the City and the
28 Department, the notice of insufficiency provided that plaintiff had failed to set forth the place of the

3

1 action and allege any action or inaction on the part of the City. The claim was subsequently rejected
2 on June 11, 2008. Plaintiff filed this action on November 5, 2008.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). The court need not, however, accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

DISCUSSION

Plaintiff alleges eight causes of action against defendants. The first through fourth, seventh and eighth causes of action are brought against all defendants. The fifth and sixth causes of action are brought solely against Parman. The causes of action are as follows: 1) Unlawful Arrest/Detention/False Imprisonment in violation of the California Constitution Article I, sections 13 and 15 and the Civil Rights Act of 1964, 42 U.S.C. § 1983, as well as declaratory relief under 28 U.S.C. §§ 2201 and 2202; 2) Defamation under California Civil Code sections 44, 45, 45(a) and 46; 3) Invasion of Privacy; 4) Intentional Infliction of Emotional Distress; 5) Malicious Prosecution; 6)

4

1 Conversion of Personal Property or Trespass to Chattel; 7) Violation of Equal Protection under 42
2 U.S.C. § 1983; and 8) General Negligence.

3 Defendants present three arguments to support dismissal of the action. Defendants first
4 argue that plaintiff failed to comply with the pre-filing requirements under the Government Claims
5 Act, California Government Codes sections 900 et seq., which thereby precludes plaintiff's state law
6 claims. Secondly, defendants argue that the statutes of limitations have long since run for all causes
7 of action. Thirdly, defendants argue that plaintiff is alternatively barred under Heck v. Humphrey,
8 512 U.S. 477, 486-87 (1994), from seeking damages for harm under section 1983 for actions whose
9 unlawfulness would render a conviction invalid unless the sentence has been reversed on appeal,
10 expunged, invalidated or called into question by a writ of habeas corpus. The court addresses each
11 argument in turn.

12 I.   State Law Claims: Pre-filing Requirements

13 Defendants argue the state causes of action are barred by plaintiff's failure to file a timely
14 claim with the requisite state entity. Plaintiff argues that, pursuant to California Government Code
15 section 945.3 which forbids individuals charged with criminal offenses to file civil actions against an
16 involved peace officer while the criminal charges are pending, his claim was timely filed with the
17 City within six months of the judgment rendered in his case.

18 In California, "no suit for money or damages may be brought against a public entity on a
19 cause of action for which a claim is required to be presented [to the appropriate public entity] . . . ."
20 Cal. Gov't Code § 945.4. Any cause of action relating to injury to a person or personal property is
21 one in which a claim is required to be presented. Id. § 911.2. There are a subset of possible causes
22 of action which do not require presentment, but no exception is relevant here. See id. § 905.

23 A claim for damages must be presented within six months after the alleged event(s) or
24 occurrence(s). Id. § 911.2. "[I]n general a cause of action in tort accrues at the time of injury . . . ."
25 Shively v. Bozanich, 31 Cal. 4th 1230, 1247 (2003). The relevant date of accrual for filing claims is
26 the same date of accrual that would pertain under the statute of limitations applicable to a dispute
27 between private litigants. See Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208-09 (2007).
28

5

1    By uncontested facts, plaintiff did not file the requisite claim with the City within six months
2  of the date of accrual of the cause(s) of action.³  See Cal. Gov't Code § 945.4; see also California v.
3  Super. Ct. (Bodde), 32 Cal. 4th 1234, 1237 (2004).  Furthermore, plaintiff has not filed an
4  application requesting permission to file a late claim.  See Cal. Gov't Code § 911.4.  Such
5  applications are granted when the person failed to meet the proper deadline because of mistake,
6  inadvertence, surprise or excusable neglect, and the public entity was not prejudiced by the delay.
7  See Cal. Gov't Code § 911.6(b)(1).  Plaintiff was advised of this right to file for leave to present a
8  late claim in his Notice of Insufficient Claim, dated May 19, 2008.  Plaintiff did nothing.

9    Plaintiff's claims cannot be saved by his misplaced reliance on California Government Code
10 section 945.3, which tolls the statute of limitations to file a civil action during the period in which
11 criminal charges are pending.  See Cal. Gov't Code § 945.3.  That section specifically does not
12 extend the time to file a claim with the appropriate public entity.  Id. ("Nothing in this section shall
13 prohibit the filing of a claim with the board of a public entity, and this section shall not extend the
14 time within which a claim is required to be presented pursuant to Section 911.2.").  Plaintiff appears
15 to be confusing a "civil action" with a "claim."  Although plaintiff was barred from filing a civil
16 action during the pendency of his criminal suit, plaintiff was still required to file a claim with the
17 City within the appropriate period of time.  See McMartin v. County of Los Angeles, 202 Cal. Ct.
18 App. 3d 848, 854 (1988) ("[T]he tolling provisions [do] not apply to claim filing requirements, only
19 to prosecuting civil actions.").⁴

20   Because plaintiff has not complied with the pre-filing requirements to assert money damages
21 against a public entity or a public employee, plaintiff's state-based causes of action are barred and
22 defendants' motion to dismiss is granted with respect to plaintiff's state law claims 2–6 and 8.

23 II.    Federal Law Claims: Statute of Limitations and Heck v. Humphrey

24   Defendant argues that plaintiff's remaining claims, under 42 U.S.C. section 1983, are barred
25 by the applicable statute of limitations and/or Heck v. Humphrey, 512 U.S. 477 (1994).

26   Plaintiff's section 1983 claims require some clarification on two points.  Firstly, plaintiff is
27 apparently asserting unlawful arrest and violation of equal protection with respect to two different
28 arrests, the arrest for extortion and the arrest for auto theft and forgery, both of which happened on

6

1  January 13, 2005.  This distinction is important, because Heck only applies to civil claims arising
2  out of the same set of facts as the criminal conviction.  Smith v. City of Hemet, 394 F.3d 689, 695
3  (9th Cir. 2005) (*en banc*).  The arrest for extortion arose from the January 12, 2005, phone call,
4  whereas the auto theft and forgery arrest arose from plaintiff's alleged actions in connection with
5  collecting civil judgments.
6  Secondly, while the extortion allegations were eventually dropped, the auto theft and forgery
7  charges resulted in a conviction and plaintiff was found not guilty on two counts of grand theft.
8  However, because plaintiff is bringing a civil action concerning violations stemming from the *arrest*,
9  which resulted in convictions on the other counts, the civil claims with respect to the grand theft
10 charge arise out of the same facts as those that supported the criminal conviction.  See Hemet, 394
11 F.3d at 365.

### A.   Extortion Arrest

13 Defendants argue the statute of limitations for any violation of section 1983 has long passed.
14 Plaintiff parries that California Government Code section 945.3 tolled any applicable statutes of
15 limitations.  Plaintiff was arrested on January 13, 2005, and the extortion charge was dismissed
16 during a preliminary hearing in July 2005.  Plaintiff filed this civil action on November 5, 2008.
17 The statute of limitations for a section 1983 action is governed by state law.  Wallace v.
18 Kato, 549 U.S. 384, 394 (2007); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).
19 Specifically, the proper statute of limitations for section 1983 claims is derived from the statute of
20 limitations for personal injury actions in the forum state.  See Azer v. Connell, 306 F.3d 930, 935
21 (9th Cir. 2002); DeGrassi v. City of Glendora, 207 F.3d 636, 644 (9th Cir. 2000) (holding that
22 California's one-year statute of limitations for personal injury actions applies to section 1983 suits in
23 federal court).  Therefore, the relevant statute of limitations in California is two years.  See
24 Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (noting the extension of the statute of
25 limitations period by the legislature from one year to two years became effective January 1, 2003);
26 former Cal. Civ. Proc. Code § 340(3) (2002) (one-year general residual statute of limitations for
27 personal injury actions); Cal. Civ. Proc. Code § 335.1 (2003) (current codification residual
28 limitations period).

Because plaintiff filed the complaint in this case on November 5, 2008, any claims that had accrued before November 4, 2006 are barred by the statute of limitations. Federal law determines when the statute of limitations on a section 1983 claim accrues. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998); see also Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). "[T]he claim generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); citing Elliott, 25 F.3d at 802. However, state law governs the application of tolling doctrines. Hardin v. Straub, 490 U.S. 536, 543-44 (1989). "In California, the statute of limitations for section 1983 actions is tolled by Cal[ifornia] Gov[ernment] Code [section] 945.3 while criminal charges are pending." Torres v. City of Santa Ana, 108 F.3d 224, 226 (9th Cir. 1997), citing Trimble, 49 F.3d at 585. The statute of limitations is only tolled while the charges are pending. Torres, 108 F.3d at 227. Criminal charges are pending until a judgment is issued. Id. at 226, citing McAlpine v. Superior Court, 209 Cal. App.3d 1, 3 & 6 (1989) (holding that, for the purposes of California Government Code section 945.3, criminal charges are "pending" until the date of judgment and sentence, not the date of conviction, and not including appeals.)

Although the court is a bit unclear as to the time line with respect to claims of extortion, it is impossible that, even with tolled time, a charge brought on November 5, 2008, would be within the two-year statute of limitations mandated by California Code of Civil Procedure section 335.1. The arrest occurred on January 13, 2005, and the allegation of extortion was dismissed in July 2005. At most, assuming that charging papers were filed the day of his arrest, the statute of limitations would be tolled for about six months. Plaintiff, however, did not file this action until November 5, 2008, more than three and a half years had passed from the initial arrest, far more than the two years allotted under California Code of Civil Procedure 335.1. Accordingly, any allegations relating to the unlawful arrest with respect to the extortion claim are time-barred.

B.    Auto Theft and Forgery Arrests

As to the section 1983 claims stemming from the auto theft and forgery arrests, normally the statue of limitations would be tolled by California Government Code section 945.3 until an appealable judgment was issued for the conviction on these charges. In this case, that judgment was

8

entered on November 6, 2007 and the instant action was filed on November 5, 2008, which falls within the tolled two-year statue of limitations.

However, this does not end the inquiry. Because plaintiff brought section 1983 claims that, if true, would impugn his outstanding conviction, another rule of law comes into play. Heck v. Humphrey, in addition to setting forth a rule with simple application to these facts, should provide helpful guidance for plaintiff's future actions. In Heck, a convicted plaintiff brought suit against the arresting officer under section 1983, alleging that the officer "had engaged in an unlawful, unreasonable, and arbitrary investigation leading to petitioner's arrest . . . ." 512 U.S. at 479 (internal quotations omitted). The Supreme Court held:

> [I]in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. [section] 2254.

Id. at 486-87.

Here, plaintiff stands convicted of the crimes for which he alleges he was unlawfully and arbitrarily arrested. Plaintiff, in declaration form, asked the court to stay this action to await the outcome of his criminal appeal.[5] The request has been rendered moot, however, as the criminal appeal was decided on March 29, 2009. The California Court of Appeal for the First District affirmed the underlying criminal judgment of the Superior Court in all respects, except for the required condition of probation to take all prescribed medications, which was stricken  See People v. Musaelian, 2009 WL 778136, *15 (Cal. Ct. App. March 29, 2009). As such, plaintiff does not now have a cause of action for section 1983 claims stemming from that conviction, pursuant to Heck.

This does not mean that plaintiff is forever time-barred from challenging the auto theft and forgery arrests under section 1983, however. As Justice Scalia explained, "a [section] 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck, 512 at 489-90. Under that standard, if plaintiff again appeals and the Supreme Court of California reverses his criminal conviction,

9

plaintiff will have two years from the date of reversal to bring suit under section 1983 for the arrests which lead to that conviction.

### C. Equal Protection Claim

Finally, to the extent that plaintiff's section 1983 claims assert a separate violation of the Equal Protection Clause of the Fourteenth Amendment (see seventh cause of action), the court dismisses this claim with prejudice. Plaintiff has alleged no theory to support an equal protection violation. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Here, plaintiff has not alleged that he is a member of a protected class. See Lee, 250 F.3d at 686 ("To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."). In the absence of alleging membership in a protected class, to sustain an equal protection claim plaintiff must have alleged that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. See id.; Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (restrictions must be rationally related to a legitimate state interest). Because the plaintiff has made no such allegations, the court dismisses plaintiff's seventh cause of action and any other section 1983 claims that rely on an equal protection violation for failure to state a cognizable claim under the Equal Protection Clause.

CONCLUSION

For the reasons stated above, defendants' motion to dismiss is **GRANTED** without prejudice. Plaintiff may amend his complaint in a manner consistent with this order and abiding by the requirements of Federal Rule of Civil Procedure 11.

IT IS SO ORDERED.

Dated: May 26, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Unless otherwise noted, all facts are drawn from the complaint. <u>See</u> Docket No. 1, Complaint. All facts are taken as true and construed in the light most favorable to plaintiff for purposes of this motion only, unless otherwise contradicted by facts which may be judicially noticed by the court. <u>See</u> <u>Mullis v. U.S. Bankruptcy Court, Dist. of NV</u>, 828 F.2d 1385, 1388 (9th Cir. 1987).

2. The court takes judicial notice of the Verdicts on counts one, three, five and six of the criminal complaint filed in <u>People v. Andrew Michael Musaelian</u>, SCR-465702, Superior Court of the State of California, County of Sonoma, attached as Exhibit 2 to Def.'s Motion to Dismiss. <u>See</u> Fed. R. Evid. 201; <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001) ("a court may take judicial notice of 'matters of public record'" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment).

3. As plaintiff states, the "tragic events in question arose in January of 2005," judgment was entered on Nov. 6, 2007, he filed his claim with the city on April 25, 2008, which was finally rejected on June 11, 2008, and filed this action on November 5, 2008. Docket No. 33, Pl.'s Opp. at 13:4 & 18:15-18.

4. Plaintiff's assertion that his claim adequately informed the city of the basis of liability and that the City failed to state with particularity the defects and omissions do not serve to resuscitate these causes of action. While these might be viable arguments had plaintiff filed a claim in July 2005, on the cusp of six months from the date of accrual, plaintiff did not file a claim until April 2008 — over three years from the date of accrual.

5. The court recognizes that plaintiff is appearing in *pro per* and accords plaintiff some leeway. Plaintiff is instructed to review the Local Rules of this court with respect to any future motions he may make with this or any local federal district court. Any written request for an order must be made in the form of a motion as set forth in Civil Local Rule 7-1, Loc. R. N. Dist. Cal. Motions to stay the proceedings require a written request for an order.